**Neil Edgar BEACHEM, Appellant,**

v.

**ATTORNEY GENERAL OF MISSOURI, Appellee.**

**No. 86–1179.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1986.

Decided Jan. 13, 1987.

Howard B. Eisenberg, Carbondale, Ill., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HUNTER *, Senior District Judge.

PER CURIAM.

Neil Edgar Beachem appeals the district court's [1] order dismissing his petition for habeas corpus for failure to exhaust state remedies. We hold that Beachem's petition does not present a claim upon which relief could be granted and therefore affirm.

In December 1982, while Beachem was in custody in Maryland, the Missouri state attorney's office lodged a detainer against him in Maryland seeking temporary custody of Beachem for trial on various felony indictments. Although the request was addressed to the wrong correctional institution, it was ultimately received and granted by the proper authorities. Beachem filed a

---

* The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

**1304**

petition for habeas corpus in the circuit court of Washington County, Maryland, arguing that the Interstate Agreement on Detainers Act (IADA) had been violated when the detainer was lodged with the wrong institution. According to Beachem's brief the circuit court denied the petition and the Maryland Court of Special Appeals affirmed, holding that the request was not invalidated by the incorrect address.

After being transported to Missouri Beachem filed the present habeas corpus petition, alleging that his extradition violated the IADA, the Uniform Criminal Extradition Act (UCEA), and several constitutional rights. While the petition was pending Beachem pleaded guilty in Missouri to one count of robbery and one count of burglary. The district court dismissed the petition for habeas corpus, holding that since Beachem could challenge his extradition on direct appeal from the guilty plea, all state remedies had not been exhausted. Although the parties briefed and argued only the exhaustion issue, we believe that the dismissal should be affirmed on other grounds.

First, the alleged violation of the UCEA is not grounds for relief because, once in Missouri, Beachem no longer could challenge the validity of the extradition. In *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511–12, 96 L.Ed. 541 (1952) the Supreme Court stated that "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" Further, "nothing in the Constitution * * * requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." *Id.* The same reasoning applies to violations of UCEA. *See Boyd v. Tennessee*, 808 F.2d 839 (8th Cir.1986); *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir.1980).

Second, we hold, as did the Maryland court, that the detainer was not invalidated when sent to the wrong correctional institution. Beachem suffered no prejudice from this minor technical error and conse-

quently habeas corpus relief is not justified. *See Huff v. United States*, 599 F.2d 860, 863 (8th Cir.1979). In any event, Beachem waived any IADA violations when he pleaded guilty. *See United States v. Hobson*, 686 F.2d 628, 629 (8th Cir.1982); *United States v. Hach*, 615 F.2d 1203, 1204 (8th Cir.), *cert. denied*, 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980); *Camp v. United States*, 587 F.2d 397, 399–400 (8th Cir. 1978). Beachem's plea also waived any alleged constitutional violation. *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Accordingly, the order of the district court is affirmed.