STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. LESTER C. EVANS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 13, 1989—Decided July 12, 1989.

Before Judges MICHELS and LONG and MUIR, Jr.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Jane Ellen Haburay,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*Steven S. Neder,* Cumberland County Prosecutor, attorney for respondent (*Ronda Forstein,* Assistant Prosecutor, of counsel; *Ralph A. Paolone,* Assistant Prosecutor, on the letter brief).

The opinion of the court was delivered by

LONG, J.A.D.

Defendant Lester Evans appeals from the denial of the petition he filed for a writ of *habeas corpus.* In April 1985, defendant, who was on parole in Pennsylvania, was arrested in Florida and returned to New Jersey to face charges of burglary and criminal mischief. While incarcerated in New Jersey, Pennsylvania placed a detainer on defendant. Thereafter, defendant was returned to Pennsylvania and sentenced to twelve months as a technical parole violator.

In July 1985, defendant filed for a disposition of the New Jersey charges under the Interstate Agreement on Detainers. Pursuant to this request, defendant was returned to New Jersey to stand trial on the outstanding charges. He was convicted of burglary and sentenced to a custodial term of seven years.

In January 1986, defendant was returned to Pennsylvania where, as a result of his New Jersey conviction, he was found to be a convicted parole violator and sentenced to an additional eighteen months. Thus, defendant's aggregate parole violation sentence in Pennsylvania was thirty months.

In March 1987, after completing about twenty-four months of his Pennsylvania sentence, defendant was released to the New Jersey authorities so that he could begin serving his New Jersey sentence. In May 1987, Pennsylvania filed a detainer with the New Jersey authorities seeking custody of defendant, after the completion of his New Jersey sentence, so that he

could complete the six months remaining on his Pennsylvania sentence. By way of a petition for a writ of *habeas corpus*, defendant sought to have the Pennsylvania detainer quashed. The trial judge denied the petition.

On appeal, defendant contends that:

THE DETAINER LODGED BY PENNSYLVANIA DOES NOT COME WITHIN THE PURVIEW OF THE INTERSTATE DETAINER ACT AND THEREFORE MUST BE QUASHED.

There are two separate prongs to this argument. One is that the detainer at issue here does not fall within the scope of the Interstate Agreement on Detainers (Agreement) and the other is that the action of Pennsylvania was invalid.

Defendant is correct in his analysis of the Agreement to which both New Jersey and Pennsylvania are signatories. *See N.J.S.A.* 2A:159A-1 *et seq.;* 42 *Pa.C.S.A.* § 9101 *et seq.* The purpose of the Agreement is set forth in *N.J.S.A.* 2A:159A-1, which provides:

The party States find that *charges outstanding* against a prisoner, *detainers based on untried indictments, informations or complaints*, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, *it is the policy of the party States and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints.* The party States also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures. [Emphasis added].

The term "detainer" as used in the statute does not embrace all detainers. Rather, it includes within its scope only those detainers "advising that [a prisoner] is wanted to face pending *criminal charges* in another jurisdiction." *Carchman v. Nash*, 473 *U.S.* 716, 729, 105 *S.Ct.* 3401, 3408, 87 *L.Ed.*2d 516 (1985), quoting H.R.Rep. No. 91–1018, p. 2 (1970); S.Rep. No. 91–1356, p. 2 (1970); *See Cuyler v. Adams*, 449 *U.S.* 433, 436 n. 3, 101 *S.Ct.* 703, 706 n. 3, 66 *L.Ed.*2d 641 (1981); *United States v. Mauro*, 436 *U.S.* 340, 359, 98 *S.Ct.* 1834, 1846–47, 56 *L.Ed.*2d 329 (1978). "Detainers lodged to obtain custody for the pur-

pose of serving a sentence are not within the scope of the Agreement at all." *Johnson v. Williams,* 508 *F.Supp.* 52, 55 (D.N.J.1980), aff'd 666 *F.*2d 842 (3d Cir.1981). Indeed, a detainer lodged in order to obtain custody of a person in order to ensure the completion of his sentence imposes no obligation on the state to which the detainer is addressed:

> [T]here is no authority, no binding legal obligation, on the Attorney General to continue custody of a federal prisoner beyond the date of his release from federal custody by reason of the lodging of the detainer. *The detainer is nothing more than a request, a notice, that another jurisdiction claims custody of the prisoner at the time of his release. As a matter of comity and accommodation, but no more, the Attorney General (or prison officials) will give notice to the other jurisdiction of the date when the prisoner is scheduled for release, and it is up to the other jurisdiction to send an official to be there to take him in custody at release.* Failing that, the Attorney General is free to "turn him loose"—in fact, he would have no legal ground to keep him in further custody—if the other jurisdiction fails to come to pick up the prisoner. [*Tremarco v. United States,* 412 *F.Supp.* 550, 554 (D.N.J.1976)].

*See also United States v. Dovalina,* 711 *F.*2d 737, 740 (5th Cir.1983).

The detainer which is the subject of this present appeal was issued by Pennsylvania in order to obtain custody of defendant after the service of his New Jersey sentence so that he could complete the six months remaining on his Pennsylvania sentence. Because this detainer was lodged for that purpose rather than to advise the New Jersey authorities that defendant was facing pending criminal charges in Pennsylvania, it clearly does not come within the scope of the Agreement. To the extent that the trial judge suggested otherwise in his letter opinion of January 13, 1988, his reasoning is disapproved.

However, we are fully in accord with the trial judge's ultimate disposition of this case. In assessing defendant's claim that Pennsylvania had waived its right to obtain custody of him by releasing him after he had served only twenty-four months of his thirty month Pennsylvania sentence, the trial judge ruled orally that defendant's arguments should have been addressed to the Pennsylvania authorities rather than the New Jersey courts.

THE COURT: He is in the wrong court. If he is dissatisfied with the Pennsylvania parole or probation board, that's where he has to go.

\* \* \* \* \* \* \* \*

THE COURT: The Court's decision is I deny him relief. I find I have no authority to grant him relief. If he wants relief, he must make application to the proper court in Pennsylvania. I don't think it's applicable in this case, Mr. Viel.

We are in accord with this conclusion. The detainer, which does not come within the scope of the Agreement, was issued by the Pennsylvania Board of Probation and Parole and defendant's claim with respect to its validity should be made there. We thus affirm substantially for the reasons expressed in the trial judge's oral opinion of October 9, 1987.

We note that we have not addressed defendant's claim that he was denied access or admission to the various rehabilitative programs offered to the prison population because the record on appeal contains no evidence at all upon which a decision on that issue could be based. A challenge on that subject should be made in the first instance to the prison authorities so that an appropriate record can be developed for appellate review.

Affirmed.