945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred A. SMITH, aka James Farrell, Petitioner-Appellant,
v.
William RHODES, Warden et al., Respondent-Appellee.
 No. 91-15161.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred A. Smith, an Arizona state prisoner, appeals pro se the district court's summary judgment denial of his 28 U.S.C. § 2254 habeas petition challenging his state court conviction. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and affirm.
 
 
 3
 In 1987, Arizona placed a detainer against Smith pursuant to the Interstate Agreement on Detainers ("IAD"), 18 U.S.C.App. III § 2. On March 11, 1988, pursuant to a plea agreement with the state, Smith pleaded guilty to two counts of theft under the laws of Arizona.
 
 
 4
 Smith contends that various notice violations of the IAD denied him due process. This contention lacks merit.
 
 
 5
 The entry of a guilty plea acts as a waiver of any failure to comply with the provisions of the IAD. See United States v. Fulford, 825 F.2d 3, 10 (3rd Cir.1987); Beachem v. Attorney General of Missouri, 808 F.2d 1303, 1304 (8th Cir.1987) (per curiam); Hudson v. Moran, 760 F.2d 1027, 1030 (9th Cir.), cert. denied, 474 U.S. 981 (1985). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Fulford, 825 F.2d at 10 (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). "That doctrine, derived from rulings for alleged constitutional violations, applies also to statutory violations." Fulford, 825 F.2d at 10.
 
 
 6
 Thus, Smith waived his due process objections under the IAD when he pleaded guilty. Moreover, in the plea agreement, Smith agreed to waive "any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him." Smith also agreed to waive "the right to appeal based upon any of the above."[1] Accordingly, the district court properly dismissed Smith's petition.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief, Smith alleges that he signed a document that stated that he did not waive his rights under the IAD. Nevertheless, Smith has failed to present this document