**Nicholas Allen BAXTER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 91–2953.**

United States Court of Appeals, Eighth Circuit.

Submitted May 27, 1992.

Decided June 5, 1992.

Nicholas Allen Baxter, appellant pro se.

John Bush, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.

Nicholas Allen Baxter appeals from the district court's judgment denying Baxter's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We affirm.

On November 18, 1987, a grand jury indicted Baxter on two federal firearm charges. At that time, Baxter was serving a state sentence at the Cummins Unit of the Arkansas Department of Correction (ADC) in Grady, Arkansas. On the date of Baxter's indictment, the district court issued a writ of habeas corpus ad prosequendum directing the ADC to surrender custody of Baxter to the United States Marshal and directing the marshal to produce Baxter for arraignment in federal court in Little Rock on November 24, 1987. The writ also directed the marshal to return Baxter to state prison in Grady. The marshal later issued a detainer to the ADC dated November 24, 1987. The ADC received the detainer on December 3, 1987.

On November 24 the marshal brought Baxter from Grady to federal court in Little Rock, approximately sixty-five miles away, as the writ directed. Baxter pleaded not guilty at his arraignment. The district court appointed counsel and Baxter was returned to the ADC in Grady. On December 29, 1987, Baxter returned to federal court in Little Rock under a second writ of habeas corpus ad prosequendum and, on the advice of his appointed attorney, pleaded guilty to one of the charges. The dis-

trict court dismissed the other charge and sentenced Baxter.

After his release from state to federal custody in 1990, Baxter filed his section 2255 motion. Baxter asserted the charges should be dismissed under the Interstate Agreement on Detainers Act (IADA) because federal authorities returned him to state custody after the federal arraignment but before final disposition of the federal charges. *See* 18 U.S.C. App. § 2, Art. IV(e) (1988). Baxter also asserted his appointed attorney was ineffective because she advised him to plead guilty when she should have sought dismissal of the charges under the IADA.

■ The district court properly denied Baxter relief on his IADA claim. By pleading guilty, Baxter waived his right to assert IADA violations. *See Beachem v. Attorney General*, 808 F.2d 1303, 1304 (8th Cir.1987) (per curiam); *United States v. Hobson*, 686 F.2d 628, 629 (8th Cir.1982) (per curiam).

■ The district court also properly denied Baxter relief on his ineffective assistance claim. To establish ineffective assistance of counsel, a defendant must show counsel's representation fell below an objective standard of reasonableness and the deficient representation prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). This standard applies "to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). To establish his attorney's representation was not objectively reasonable, Baxter had to show his attorney's advice to plead guilty was outside " 'the range of competence demanded of attorneys in criminal cases.' " *Id.* at 56, 106 S.Ct. at 369 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)); *see id.* at 58–59, 106 S.Ct. at 370–71; *Tollett v. Henderson*, 411 U.S. 258, 268, 93 S.Ct. 1602, 1608–09, 36 L.Ed.2d 235 (1973). Baxter failed to make this showing.

■ The federal government's use of a writ of habeas corpus ad prosequendum to obtain custody of a state prisoner does not invoke the IADA. *United States v. Mauro*, 436 U.S. 340, 349, 98 S.Ct. 1834, 1841–42, 56 L.Ed.2d 329 (1978); *United States v. Moore*, 822 F.2d 35, 37 (8th Cir. 1987) (per curiam). Once the federal government lodges a detainer against a prisoner with state prison officials, however, the IADA applies. *Mauro*, 436 U.S. at 361–62, 98 S.Ct. at 1847–48. "Because the detainer remains lodged against the prisoner until the underlying charges are finally resolved, the [IADA] requires that the disposition ... be obtained before the prisoner is returned to the sending [s]tate." *Id.* at 362, 98 S.Ct. at 1848.

■ Here, federal authorities brought Baxter to his federal arraignment under the writ, not the detainer. *United States v. Woods*, 775 F.2d 1059, 1061 (9th Cir. 1985). Thus, the IADA did not apply to the transfers made on November 24. *Id.* Federal authorities transferred Baxter only once more. On December 29, federal authorities transported Baxter between Grady and federal court in Little Rock where he pleaded guilty. Thus, after the detainer became effective, Baxter was not returned to Cummins before disposition of the federal charges. Accordingly, article IV(e) was not violated.

■ In any event, article IV(e) of the IADA does not apply when a prisoner is removed from a state prison for a few hours to be arraigned, plead, and be sentenced in federal court without ever being held at any other place of imprisonment and without interrupting the prisoner's rehabilitation in the state prison. *United States v. Chico*, 558 F.2d 1047, 1049 (2d Cir.1977), *cert. denied*, 436 U.S. 947, 98 S.Ct. 2850, 56 L.Ed.2d 788 (1978); *see also United States v. Taylor*, 861 F.2d 316, 319 (1st Cir.1988) (holding article IV(e) is not violated when the federal government returns a state prisoner to the prisoner's original place of imprisonment "after one brief detention for a federal arraignment or other proceeding"); *United States v. Roy*, 830 F.2d 628, 635–36 (7th Cir.1987)

(holding article IV(e) is not violated when state prisoner in federal custody is kept one night in different jail), *cert. denied,* 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988). Because the IADA was not violated, Baxter's attorney was not ineffective in failing to move for dismissal of the charges on that ground.

Accordingly, we affirm.