14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry HOWARD, Defendant-Appellant.
 No. 93-2311.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.
Decided Dec. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Henry Howard pleaded guilty pursuant to the terms of a written plea agreement. He received a sentence within the range provided by the Sentencing Guidelines. Nonetheless, he instructed his lawyer to appeal. Counsel did so and now has moved to withdraw, filing a careful no-merit report complying with the requirements of Anders v. California, 386 U.S. 738 (1967), and United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Howard received notice, see Circuit Rule 51(a), and has filed a statement of issues he believes warrant decision on appeal. After an independent review, we conclude that there are no non-frivolous issues. We grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Howard submits that the district court erred by failing to make an independent determination of the quantity of cocaine reasonably foreseeable to Howard. He contends that the quantity he could have foreseen is lower than the quantity the court used in sentencing (1 to 5 kilograms on Howard's view, while the court used the guideline for 5 to 15 kilograms), and that he is therefore entitled to a lower sentence. The reason the district court did not make an independent finding, however, is that Howard stipulated to the quantity proposed by the prosecutor. During the colloquy preceding acceptance of the guilty plea, the district court asked Howard whether he agreed with the prosecutor's position on drug quantity. Howard balked, leading the district court to say that the case would be set for trial at which the truth could be determined. Howard immediately made it clear that he preferred a guilty plea on the prosecutor's terms to the prospect of a trial, at which he would lose the other concessions and benefits of the plea agreement.
 
 
 3
 Howard grudgingly accepted the prosecutor's position: "If I have to say that to get this over with then let's get it over with." That did not satisfy the judge, who replied: "Well, you don't have to say anything to get it over with.... You have the right to go to trial." Howard was firm: "I don't want to go to trial, Your Honor." After a further warning about rights surrendered, Howard stipulated to the 5 to 15 kilogram range, and the court accepted the plea of guilty. Now he wants to back out. It is too late to change his mind; the plea agreement and the discussion in court are the time for binding agreements and concessions. See United States v. Price, 988 F.2d 712, 717, 721 (7th Cir.1993); United States v. Trussel, 961 F.2d 685, 689 (7th Cir.1992).
 
 
 4
 The drug-quantity issue is the only one Howard discusses. Other potential issues, addressed in counsel's no-merit report, do not require discussion. The motion is granted, and the appeal is dismissed.