62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan Michael McGINLEY, Defendant-Appellant.
 No. 94-30307.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1995.
Decided Aug. 8, 1995.
 
 1
 Before: GOODWIN and HUG, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jonathan McGinley appeals the denial of his Motion to Dismiss the Indictment for an alleged violation of the Interstate Agreement on Detainers Act. He also challenges the district court's application of the Sentencing Guidelines and any departures made from the Guidelines. Finally, McGinley disputes the applicability of 18 U.S.C. Sec. 924(e).
 
 
 4
 We review de novo a district court's denial of a defendant's motion to dismiss an indictment under the Interstate Agreement on Detainers Act ("IADA"). United States v. Hall, 974 F.2d 1201, 1204 (9th Cir. 1992).
 
 
 5
 The district court's denial of McGinley's motion is affirmed. Because custody of McGinley was obtained through a writ of habeas corpus ad prosequendum, the IADA's time restraints do not limit the Government's actions. See United States v. Mauro, 436 U.S. 340, 361 (1978); United States v. Woods, 775 F.2d 1059, 1060 (9th Cir. 1985) (government can conduct federal prosecution free of IADA's provisions using writ of habeas corpus ad prosequendum). There is no evidence in the record that Oregon's delay in arraigning McGinley is in any way attributable to the federal government.
 
 
 6
 Next, McGinley challenges the cross-reference to the robbery guidelines on two grounds: 1) the cross-reference to uncharged conduct was both improper and unconstitutional, and 2) the cross-reference impermissibly double counted factors in sentencing. We review de novo the district court's application of the Sentencing Guidelines. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir. 1994).
 
 
 7
 McGinley's first challenge must fail. We have expressly approved of the district court's use of uncharged conduct in sentencing. United States v. Humphries, 961 F.2d 1421, 1422 (9th Cir. 1992). The Constitution's requirements are met when uncharged crimes used to increase sentences under the Guidelines are proved by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir. 1991) (en banc), cert. denied, 503 U.S. 961 (1992). In this case, the sentencing transcripts indicate that the bookstore clerk, McGinley's brother, and others testified at the trial and presented evidence of the robbery and its surrounding circumstances. The district court did not err when it considered the robbery in sentencing.
 
 
 8
 McGinley's second challenge must also fail. The district court did not impermissibly double count the use of the firearm, the use of physical restraint, or the obstruction of justice. Where "it is possible to be sentenced under a particular offense guideline without having engaged in a certain sort of behavior, such behavior may be used to enhance the offense level." United States v. Reese, 2 F.3d 870, 895 (9th Cir. 1993), cert. denied, 114 S. Ct. 928 (1994). Because the offense of robbery does not require the use of the firearm, that factor was permissibly used to both cross-reference and enhance. Nor were the physical restraint and obstruction of justice factors double counted. Instead, after properly adjusting for these factors, the district court departed upward from the Guidelines and increased the adjusted offense level due to the aggravating circumstances surrounding these factors.
 
 
 9
 McGinley also argues against any upward departures made in his offense level and criminal history category. We review de novo the district court's decision to depart upward based on "unusual circumstances". United States v. Marsh, 26 F.3d 1496, 1503 (9th Cir. 1994). Review of departures from the Sentencing Guidelines is made under the three-part test established in United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir. 1991) (en banc). The appellate court must: 1) determine whether the trial court had the legal authority to depart; 2) review for clear error the factual findings in support of the aggravating circumstance identified by the district court to support the departure; and 3) determine whether the extent of the district court's departure was reasonable in light of the structure, standards and policies of the Act and Guidelines. Id.
 
 
 10
 The district court's upward departure for obstruction of justice satisfies Lira-Barraza's three-part test. Pursuant to section 5K2.0, the district court departed upward due to the egregious facts surrounding the escape attempt. In departing upward, the district court considered the significant planning of the escape attempt, the number of people involved in the conspiracy, the loosening of cell bars, the concealing of weapons at the jail, and the arranging for hacksaw blades to be sent through the mail in an attorney's envelope. These facts are supported by the record and are not clearly erroneous. After considering analogous guidelines, the extent of the district court's departure was reasonable.
 
 
 11
 The district court's upward departure for the use of physical restraint also satisfies Lira-Barraza. Pursuant to section 5K2.4, the district court imposed a three-level increase in lieu of the two-level increase required under section 2B3.1(b)(4). The district court considered the threat made to the clerk's life, the use of handcuffs, the degree of intimidation, and the subsequent car theft. These facts are supported by the record and are not clearly erroneous. Again, by looking to analogous guidelines, the district court stayed well within a reasonable range in departing upward for the physical restraint of the clerk.
 
 
 12
 The upward departure in McGinley's criminal history category also satisfies Lira-Barraza's three-part test. Pursuant to section 4A1.3, the district court departed upward for an inadequate criminal history category. The district court found that McGinley's 15-year continual involvement with crime, his consistent pattern of assaultive conduct, the existence of four prison arrests that resulted in administrative detentions, and the high risk of reoffending warranted an upward departure in his criminal history category. These findings are not clearly erroneous and are sufficiently supported by the record. Even a one-point increase would push McGinley up to Criminal History Category VI. Given McGinley's high risk of reoffending, the departure was not unreasonable.
 
 
 13
 McGinley also contends that the district court erred by failing to state its reasons for choosing a 235-month sentence from a guideline range of 188 to 235 months. 18 U.S.C. Sec. 3553(c) requires a statement in open court of the reasons for choosing a sentence within the sentencing range if that range exceeds 24 months. See also United States v. Upshaw, 918 F.2d 789, 792 (9th Cir. 1990), cert. denied, 499 U.S. 930 (1991) (sentence vacated and remanded because district court failed to state reasons for sentencing in the middle of the range). In this case, the guideline range equals 47 months. The district court erred by not stating its reasons for sentencing at the high end of this range.
 
 
 14
 Finally, McGinley disputes the applicability of 18 U.S.C. Sec. 924(e). We review de novo the legality of a sentence. United States v. Guzman-Bruno 27 F.3d 420, 422 (9th Cir.), cert. denied, 115 S. Ct. 451 (1994). We review the district court's factual findings in the sentencing phase for clear error. Buenrostro-Torres, 24 F.3d at 1174; see also United States v. Robinson 967 F.2d 287, 293 (9th Cir. 1992) (findings relating to prior convictions are reviewed for clear error).
 
 
 15
 McGinley alleges that his "juvenile" conviction should not be counted as a predicate offense for section 924(e) purposes. This argument fails for two reasons. First, McGinley pled guilty in adult court and was sentenced in adult court. This adult conviction clearly falls within section 924(e)'s purview. Second, even if the offense were treated as a juvenile offense, the 1975 robbery is included in section 924(e)(2)(B)'s definition of "violent felony." Therefore, McGinley's first offense, whether adult or juvenile, brings him within the scope of section 924(e). The section's statutory minimum is not superseded by the Sentencing Guidelines. See U.S.S.G. Sec. 5G1.1 (reflecting compatibility between Guidelines and statutory requirements).
 
 
 16
 Because the district court did not comply with 18 U.S.C.Sec. 3553(c) by failing to state its reasons for sentencing McGinley at the high end of the guideline range, the sentence is vacated and remanded for a statement in open court which expressly considers the sentencing factors outlined in 18 U.S.C. Sec. 3553(a). In all other respects, the sentence is affirmed.
 
 
 17
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3