107 F.3d 13
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Henry HOWARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3375.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 13, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied
February 27, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 In 1993, Henry Howard pleaded guilty to distributing cocaine in violation of 21 U.S.C. § 846, and to possession of a firearm during drug trafficking crimes in violation of 18 U.S.C. § 924(c). The district court sentenced Howard to 145 months' imprisonment on the cocaine count plus 60 months' imprisonment on the gun count. Howard appealed. In an unpublished decision, we granted appellate counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and affirmed Howard's conviction and sentence. United States v. Howard, No. 93-2311, (7th Cir. Dec. 22, 1993).
 
 
 2
 Howard then moved to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, alleging that (1) he was denied the effective assistance of trial and appellate counsel; (2) he was denied due process when his guilty plea was accepted before the preparation of the presentence investigation report, and the court failed to give him enough time to confer with counsel before sentencing; (3) his rights under the Interstate Agreement on Detainers ("IAD") were violated; and (4) forfeiture of his cash and motorcycle constituted punishment, making his criminal sentence a second punishment prohibited by the Double Jeopardy Clause of the Fifth Amendment. The district court summarily dismissed the motion pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts.
 
 
 3
 On appeal, Howard continues to argue the merits of his IAD, double jeopardy, and ineffective assistance of counsel claims. Howard also argues that the district court erred by declining to hold an evidentiary hearing.
 
 
 4
 In reviewing the district court's denial of Howard's § 2255 motion, we review all factual determinations for clear error and consider all questions of law de novo. Bond v. United States, 77 F.3d 1009, 1012 (7th Cir.), cert. denied, 117 S.Ct. 270 (1996). Relief may be available only if Howard can demonstrate flaws in his conviction or sentence "which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), cert. denied, 116 S.Ct. 268 (1995).
 
 
 5
 Howard contends that his Sixth Amendment right to counsel was violated because he received ineffective assistance from Martin Kohler, who represented him at the plea hearing, and Robert Kagen, who represented him both at sentencing and on direct appeal. First, regarding attorney Kohler, Howard claims that counsel misled him about the information to which he was pleading guilty. Howard alleges that Kohler told him that he would be charged with possessing one to five kilograms of cocaine, but later at the plea hearing Kohler stipulated to a higher quantity proposed by the prosecutor--five to fifteen kilograms.
 
 
 6
 To demonstrate ineffective assistance, Howard must show not only that Kohler's performance fell below an objective standard of reasonableness, but also that prejudice resulted. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In a guilty plea context, the defendant must satisfy the prejudice prong of this test by showing that, were it not for counsel's errors, the result would have been different (e.g., he would have insisted upon going to trial). Hill v. Lockhart, 474 U.S. 52, 59 (1985). This Howard cannot show. As we detailed in our earlier order, Howard assured the judge at the plea hearing that he was willing to stipulate to the five to fifteen kilogram range as long as he did not have to go to trial. Howard, 1993 WL 532983, at * 1.
 
 
 7
 As for attorney Kagen, Howard alleges that counsel failed before sentencing to (1) spend enough time conferring with him and (2) interview some of the codefendants in the case. Assuming that Kagen fell short of professional standards by failing to take these steps, Howard again cannot demonstrate prejudice. First, Howard has not explained what would have occurred had he been able to confer longer with Kagen, or how further preparation for sentencing would have bolstered his case. Similarly, regarding Kagen's failure to interview certain codefendants, Howard has failed to establish what evidence these persons would have given, had they been interviewed and allowed to testify, and how that evidence would have undermined confidence in the outcome of the sentencing. Howard has not presented affidavits from any of the codefendants, or otherwise demonstrated what testimony they would have provided. This omission means that prejudice has not been shown. See United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir.1991); United States ex rel. McCall v. O'Grady, 908 F.2d 170, 173 (7th Cir.1990).
 
 
 8
 Howard also argues that Kagen was ineffective on appeal because he failed to visit him before filing an Anders brief. Again Howard does not explain what would have happened had such a visit taken place. Howard has not offered any reason to believe that further appellate preparation would have led to any different result. In any event, this court, upon reviewing both the Anders brief and Howard's supplemental pro se brief, found no meritorious arguments for appeal and granted Kagen's motion to withdraw.
 
 
 9
 Because Howard failed to show how he was prejudiced, the district court did not err in declining to hold an evidentiary hearing. A district court may dismiss a § 2255 motion without holding an evidentiary hearing when, as is the case here, the motion and prior proceedings plainly show that the movant is not entitled to relief. 28 U.S.C. § 2255, Rule 4(b); Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995); Aleman v. United States, 878 F.2d 1009, 1012-14 (7th Cir.1989).
 
 
 10
 Howard next argues that he was subject to separate punishments in violation of the Double Jeopardy Clause because he forfeited cash and a motorcycle to the government before he was imprisoned. However, Howard waived this argument by pleading guilty. A voluntary plea of guilty waives all non-jurisdictional defenses, "even constitutional violations 'not logically inconsistent with the valid establishment of factual guilt.' " United States v. Bell, 70 F.3d 495, 496 (7th Cir.1995) (quoting Menna v. New York, 423 U.S. 61, 63 n. 2 (1975). Challenges based on double jeopardy arguments are no exception to the general rule. United States v. Broce, 488 U.S. 563, 569 (1989). Because Howard does not claim that his plea was other than voluntary, he may not raise his double jeopardy challenge in this postconviction proceedings.[1] Id. at 574.
 
 
 11
 For similar reasons, we reject Howard's argument that his rights under the Interstate Agreement on Detainers were violated when he was transferred from custody in the State of Wisconsin to federal custody. By pleading guilty, Howard waived his rights to assert IAD violations in a § 2255 proceeding. Baxter v. United States, 966 F.2d 387, 388 (8th Cir.1992); United States v. Fulford, 825 F.2d 3, 10 (3d Cir.1987).
 
 
 12
 For the foregoing reasons, the trial court's denial of Howard's § 2255 motion is
 
 
 13
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Even if the claim were not waived, it would be foreclosed by the Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2135, 2146-47 (1996), which held that civil forfeitures like the one in which the government seized Howard's assets "are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause."