**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GREGORY GOODLOE,

        Petitioner - Appellant,

v.

DICK SMELSER, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 10-1165
(D. Colorado)
(D.C. No. 1:08-CV-00094-CMA)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

---

This matter is before the court on Gregory Goodloe's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Goodloe seeks a COA so he can appeal the district court's denial of his 28 U.S.C.

§ 2254 petition. 28 U.S.C. § 2253(c)(1)(A). We **grant** Goodloe's request to

proceed on appeal *in forma pauperis*. Because he has not, however, "made a

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this

court **denies** Goodloe's request for a COA and **dismisses** this appeal.

On November 12, 2002, Goodloe was arrested and placed in federal custody at the Federal Detention Center in Englewood, Colorado, pursuant to a Federal Parole Revocation Warrant. He was thereafter transferred to the Federal Correctional Institute in Florence, Colorado. On February 7, 2003, while Goodloe was in federal custody, a forty-five-count felony complaint was filed in the Arapahoe County District Court, Englewood, Colorado, charging Goodloe with fifteen counts of sexual assault on a child, fifteen counts of sexual assault on a child by one in a position of trust, and fifteen counts of aggravated incest. A state arrest warrant was issued the same day. After the state charges were filed, Goodloe was transported from the federal facilities to Arapahoe County District Court on numerous occasions for pretrial court appearances in the state case. Goodloe was returned to federal custody after each state court appearance. The warrant on the state charges remained active throughout the period Goodloe was transferred between state and federal custody.

On January 21, 2004, Goodloe filed a motion in state court to dismiss the criminal complaint, arguing his transport between state and federal custody violated the anti-shuttling provision of the Interstate Agreement on Detainers Act ("IAD"). The state trial court denied the motion on February 3, 2004, after a hearing. Shortly thereafter, Goodloe pleaded guilty in state court to one added charge pursuant to a plea agreement under which all of the original charges were

dismissed. Goodloe was sentenced to six years' imprisonment in the Colorado Department of Corrections, to run concurrently with his federal sentence. Goodloe appealed the judgment of conviction, seeking review of the trial court's ruling denying his motion to dismiss. The Colorado Court of Appeals affirmed the judgment of conviction, concluding Goodloe waived his rights under the anti-shuttling provision of the IAD by entering his guilty plea. The Colorado Supreme Court denied Goodloe's Petition for Writ of Certiorari.

Goodloe then filed the instant § 2254 habeas petition, raising the same IAD-based argument he raised in state court. The federal district court concluded, inter alia, that Goodloe was not entitled to habeas relief because the state court decision on waiver was not contrary to or an unreasonable application of clearly established Supreme Court precedent.

The granting of a COA is a jurisdictional prerequisite to Goodloe's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Goodloe must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Goodloe has satisfied his burden, this court

undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Goodloe need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Goodloe's appellate filings, the district court's Order, and the entire record before this court, we conclude Goodloe is not entitled to a COA. The Supreme Court has specifically held that a knowing and voluntary guilty plea constitutes a waiver of all nonjurisdictional challenges to a conviction. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Federal courts have uniformly concluded the rule set out in *Tollett* applies to challenges to a conviction based on alleged violations of the IAD. *See, e.g.*, *Baxter v. United States*, 966 F.2d 387, 389 (8th Cir. 1992); *United States v. Fulford*, 825 F.2d 3, 10 (3d Cir. 1987); *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985). Accordingly, the Colorado state court's decision is not contrary to or an unreasonable application of clearly established Supreme Court precedent and the district court's decision to deny Goodloe's request for habeas relief is not reasonably subject to debate.

For that reason, this court **DENIES** Goodloe's request for a COA and

**DISMISSES** this appeal.[1]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]Goodloe's Motion to Add Documents of Evidence into the Record is hereby **denied**. The conclusion that Goodloe waived any rights he had under the IAD when he pleaded guilty renders irrelevant the question whether Goodloe's transfers between federal and state detention were pursuant to the IAD or, instead, pursuant to writs of habeas corpus ad prosequendum.