# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2570

_____

United States of America

*Plaintiff - Appellee*

v.

James Delarosa Borden, also known as Jimmy White, also known as Detroit, also
known as D.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: July 10, 2017
Filed: July 26, 2017
[Unpublished]

_____

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

James Delarosa Borden directly appeals his conviction and sentence upon his guilty plea to drug charges, after the district court[1] denied his motions to dismiss the indictment pursuant to purported violations of his rights under the Interstate Agreement on Detainers Act (IADA). His counsel moved for leave to withdraw, and filed a brief under Anders v. California, 386 U.S. 738 (1967). At our direction, counsel filed an amended Anders brief. The amended brief argues that the district court erred in (1) denying Borden's motions to dismiss, and (2) imposing a career-offender enhancement. Borden has filed two supplemental briefs, raising the same two challenges. Borden has also filed a motion requesting new counsel.

We conclude that the district court did not err in denying Borden's motions to dismiss the indictment, because he waived his right to assert IADA violations when he pleaded guilty. See Baxter v. United States, 966 F.2d 387, 389 (8th Cir. 1992) (by pleading guilty, defendant waived his right to assert IADA violations). We further conclude that the district court did not plainly err in finding--for purposes of the career-offender enhancement--that the Michigan armed-robbery conviction qualified as a crime of violence, and that the Michigan possession-with-intent-to-distribute conviction qualified as a controlled-substance offense. See United States v. Callaway, 762 F.3d 754, 759 (8th Cir. 2014) (procedural errors not objected to at sentencing are reviewed for plain error); cf. United States v. House, No. 16-1691, 2017 WL 2807338, at *3-4 (6th Cir. June 14, 2017) (Michigan possession-with-intent-to-distribute conviction was controlled-substance offense for purposes of career-offender enhancement); United States v. Lamb, 847 F.3d 928, 930 (8th Cir. 2017) (Michigan unarmed robbery convictions were violent felonies under Armed Career Criminal Act). Because we conclude the career-offender provision was correctly applied, we need not consider Borden's pro se challenges to the sentencing calculation that would have otherwise applied.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

Furthermore, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion, deny Borden's motion, and we affirm.

_____