UNITED STATES of America, Plaintiff–Appellee,

v.

David McHENRY, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

John GULDE, Defendant–Appellant.

Nos. 90–10423, 90–10424.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 1991.

Decided Dec. 27, 1991.

Amended May 19, 1992.

Michael B. Scott, Crowe & Scott, Phoenix, Ariz., for defendants-appellants.

W. Allen Stooks, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before: BEEZER, HALL and WIGGINS, Circuit Judges.

## ORDER

The opinion filed December 27, 1991, is amended as follows.

In 952 F.2d 328 (9th Cir.1991), at page 330, second full paragraph, column two, line 6 after "... itself.", insert new footnote 4 to read:

> We recognize that 18 U.S.C. § 3664(a) leaves to the court the task of determining whether to award restitution and the appropriate amount of loss. Our opinion in no way assigns to the jury that determination. Instead, we only hold that the court cannot determine the amount of loss in a conspiracy case until it knows precisely which acts underlie the offense of conviction. Without the jury verdict, the court cannot determine which of the acts alleged in the indictment the defendant is guilty of committing in furtherance of the conspiracy.

With this amendment, the panel has voted to deny appellee's petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

## OPINION

CYNTHIA HOLCOMB HALL, Circuit Judge:

Defendants David McHenry and John Gulde were convicted of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371. Defendants appeal their convictions and the district court's award of restitution. In a separate, unpublished disposition, we affirmed the convictions. In this opinion, we vacate the restitution award and leave the balance of the sentence intact. We have jurisdiction for this timely appeal under 28 U.S.C. § 1291.

### I.

Defendants McHenry and Gulde are in the business of buying and selling coins. Gulde and his wife own a business called the Coin and Stamp Gallery in Phoenix, Arizona. McHenry owns a business called Arizona Rare Coin Exchange, also located in Phoenix, Arizona. In order to market their silver dollars, defendants formed an Arizona partnership named Carson City Reserve. Using this name, defendants ran two advertisements in various newspapers throughout the nation. These advertisements are the basis of the conspiracy and fraud charges alleged in the indictment.

After a nine day trial, the jury convicted both defendants of conspiracy to commit mail and wire fraud and acquitted them on the remaining substantive counts of mail and wire fraud. The district court suspended imposition of sentence, placed both defendants on a five year conditional probation, fined each defendant $10,000.00, and ordered each defendant to perform two hundred hours of community service. The district judge also ordered defendants to refund the purchase price to all victims of the conspiracy as restitution under the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663(a)(1). To determine the identity of the "victims" and the amount of restitution, the district court authorized the United States Postal Service to create a customer questionnaire and distribute it to all Carson City customers. This questionnaire was reviewed by the parties and approved by the district court.

After a separate restitution hearing, the district court found that all customers who returned the questionnaire and desired a refund were "victims" for purposes of restitution. The district court awarded restitution to all "victims" except those specifically identified in the counts of which defendants were acquitted. The restitution order required defendants to refund the purchase price for 19,294 silver dollars. In total, the amount of restitution was $664,-263.00 plus the cost of conducting the customer survey and administering the award.

Defendants challenge the restitution award on three grounds: (1) that it is unlawful under *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990); (2) that it is unlawful because the questionnaires "contained nothing more than rank hearsay;" and (3) that it is unlawful because the total amount of loss is not stated in the indictment.

## II.

The legality of a restitution order is reviewed de novo. *United States v. Ahumada–Avalos*, 875 F.2d 681, 684 (9th Cir.), *cert. denied*, 493 U.S. 837, 110 S.Ct. 118, 107 L.Ed.2d 79 (1989). An order complying with the statutory framework, however, is reviewed for an abuse of discretion. *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986).

In *Hughey*, the United States Supreme Court held that restitution under the VWPA must be limited to the loss caused by the offense of conviction. The purpose of the VWPA is to insure that the defendant is not penalized for acts other than those to which he pled guilty or of which he was convicted. *Id.*, 495 U.S. at 419, 110 S.Ct. at 1984. Defendants argue that under *Hughey*, the restitution order is improper because the conduct underlying the conspiracy conviction did not cause a loss to any customers.[1]

This Circuit has not decided whether a court may order restitution to victims when the conviction is for conspiracy to commit mail or wire fraud.[2] In essence, the issue is whether there can be "victims" of a conspiracy. Theoretically, it is possible to have victims of a conspiracy. The conduct underlying the offense of conspiracy consists of (1) an agreement to accomplish an illegal objective, (2) one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense. *United States v. Pemberton*, 853 F.2d 730, 733 (9th Cir.1988). In some situations, this conduct can cause a loss to innocent persons who happen to become enmeshed with the conspirators' actions. For example, if a conspirator steals an automobile in order to further the conspiracy, the automobile owner has suffered a loss as a result of the conspiracy. That loss transforms the innocent person into a "victim," and is compensable under the VWPA.

When the act in furtherance of the conspiracy does not deprive anyone of any thing of value, however, the conduct forming the basis of a conspiracy conviction does not cause any discernible loss. The problem in conspiracy cases, then, is deciphering the jury verdict to determine precisely what acts it believed the defendants committed in furtherance of the conspiracy.

To find a defendant guilty of conspiracy, it is necessary only that the jury believe,

1. Defendants also contend that the award is improper under *Hughey* because it extended to victims not named in the indictment and who did not testify at trial. *Hughey* only held, however, that defendants cannot be ordered to pay restitution for crimes of which they were not convicted. The Court did not attempt to spell out the method of identifying victims or calculating the loss caused by a particular conviction.

2. Contrary to defendants' assertions, *United States v. Sharp*, 941 F.2d 811 (9th Cir.1991), does not provide much guidance. Unlike the present case, *Sharp* involved the proper amount of restitution when the defendant pleaded guilty to one count of mail fraud *and* one count of conspiracy. There, the court held that the defendant cannot be ordered to pay restitution for the entire scheme to defraud when he had only pleaded guilty to one count of the scheme. *Id.* at 815. Although the *Sharp* court stated that "when the offense of conviction involves a conspiracy ..., restitution must be limited to the loss attributable to the specific conduct underlying the conviction," it did not discuss the amount of loss, if any, caused by the conspiracy. *Id.*

beyond a reasonable doubt, that the defendant made an agreement to accomplish an illegal purpose, intended to accomplish the illegal purpose, and committed *at least one* of the acts alleged in the indictment in furtherance of the conspiracy. A general jury verdict, such as the one used in this case, demonstrates only that the jury believed the government proved the *elements* of conspiracy beyond a reasonable doubt.

Thus, defendants McHenry and Gulde were convicted only of making an illegal agreement, intending to achieve an illegal goal, and committing at least *one* act in furtherance of the conspiracy.[3] Because the verdict does not specify *which acts* the jury believed were committed, it is impossible to award restitution for the losses stemming from the conspiracy. According to the district court, however, the unnamed "victims" of the conspiracy are entitled to a refund. Apparently the district court assumed the jury believed that the defendants committed each and every act alleged by the government. This assumption is not warranted by the verdict. At most, it reveals that the jury did not believe the government proved mail and wire fraud beyond a reasonable doubt, but that the government did satisfy this burden with respect to the conspiracy count.

We conclude that while it is possible to have victims of a conspiracy, not every conspiracy conviction warrants an award of restitution. *Hughey* requires that restitution must be limited to the loss flowing from the conspiracy itself.[4] Therefore, to remain within these boundaries, the loss must result from the act or acts done in furtherance of the conspiracy, as specifically found by the jury. The purpose of the VWPA supports our conclusion because it was designed "to limit, rather than to expand, the scope of any order of restitution." *Hughey*, 495 U.S. at 418, 110 S.Ct. at 1984.

### III.

We hold that the conduct underlying the offense of conviction does not support the restitution order.[5] Since we hold that the restitution award is improper under *Hughey*, we have no occasion to address defendants' other contentions regarding the propriety of the award.[6]

We therefore VACATE the restitution award, leaving the balance of the sentence intact.

3. The district court's instructions on the conspiracy count support this conclusion. The instructions made it clear that in order to convict defendants of conspiracy, the "evidence in this case need not establish that all of the means or methods set forth in the indictment ... were actually used or put into operation...." Since we presume that jurors follow the instructions given, *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir.), *cert. denied*, 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980), we cannot conclude that the jury believed defendants committed each and every act alleged in the indictment.

4. We recognize that 18 U.S.C. § 3664(a) leaves to the court the task of determining whether to award restitution and the appropriate amount of loss. Our opinion in no way assigns to the jury that determination. Instead, we only hold that the court cannot determine the amount of loss in a conspiracy case until it knows precisely which acts underlie the offense of conviction. Without the jury verdict, the court cannot determine which of the acts alleged in the indictment the defendant is guilty of committing in furtherance of the conspiracy.

5. The government asserts that this court's opinion in *United States v. Smith*, 944 F.2d 618 (9th Cir.1991), supports its position that the restitution order is proper under *Hughey*. The government's reliance is misplaced. First, the defendant argued that *Hughey* forbids restitution for criminal acts and losses occurring prior to the effective date of the VWPA, and the court correctly noted that *Hughey* does not address that issue. *Id.* at 621. Second, the court's statement that the restitution award satisfies *Hughey* does not support the government's position, because like *Sharp*, the award compensates for conspiracy *and* fraud. *See id.* Therefore, it does not speak to the issue of defining the losses resulting solely from a conspiracy to defraud.

6. In addition, we decline to address defendants' argument that any modification of the award would place him in double jeopardy since we are not remanding to the district court for resentencing.