967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juvenal Martinez PEREZ, Valentin Moreno-Felix, aka
"Valente," Nicolas Chavez, aka Victor Nicolas
Flores, Defendants-Appellants.
 Nos. 91-50225 to 91-50227.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1992.
Decided June 1, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and CAULFIELD, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendants Juvenal Perez, Valentin Moreno-Felix and Nicolas Chavez were convicted of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Each appeals his conviction, and argues that his sentence was improperly enhanced. We affirm.
 
 
 4
 A conspiracy is an agreement to accomplish an illegal objective, coupled with: 1) one or more overt acts in furtherance of the illegal purpose; and 2) the requisite intent necessary to commit the underlying substantive offense. United States v. McHenry, 952 F.2d 328, 330 (9th Cir.1991). The evidence must adequately support a finding of a single conspiracy; the government need not prove that all other theories are implausible. United States v. Arbelaez, 719 F.2d 1453, 1457-58 (9th Cir.1983). Once a conspiracy exists, evidence establishing beyond a reasonable doubt even a slight connection with the conspiracy is sufficient to convict a defendant of knowing participation in the conspiracy. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987).
 
 
 5
 Chavez distributed methamphetamine purchased from various suppliers, including Moreno-Felix. Moreno-Felix offered to sell a pound at the initial meeting. Chavez later showed the informant several pounds located in Moreno-Felix' car. The evidence was sufficient for a trier of fact to find that Moreno-Felix shared a common goal with the other conspirators; to distribute methamphetamine to Chavez for a sale to Special Agent Moses Ambriz. It supported Moreno-Felix' conviction. See Arbelaez, 719 F.2d at 1458-59.
 
 
 6
 Moreno-Felix argues that the district court's failure to give an unanimity instruction constituted error. Juror confusion necessitates a specific unanimity instruction in three circumstances: 1) if the jury indicates, by note to the court, that it is confused about the nature of the conspiracy. See United States v. Echeverry, 719 F.2d 974, 975 (9th Cir.1983); 2) if the indictment "is sufficiently broad and ambiguous so as to present a danger of jury confusion." United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.), cert. denied, 493 U.S. 969 (1989); or 3) if the evidence is so factually complex that jury confusion may occur. Id. at 1320.
 
 
 7
 We have refused to find juror confusion because of an inconsistent special verdict. Id. at 1319. The indictment properly required that the government prove a single overall continuing conspiracy. Further, because the facts were simple and straightforward, the third prong is inapplicable. The district court did not err.
 
 
 8
 To be entitled to a duress instruction, Chavez must establish: 1) an immediate threat of death or serious bodily injury; 2) a well-grounded fear that the threat will be carried out; and 3) no reasonable opportunity to escape the threatened harm. United States v. Jennell, 749 F.2d 1302, 1305 (9th Cir.1984). If the evidence is insufficient, the court may refuse to instruct the jury on duress. United States v. Karr, 742 F.2d 493, 497 (9th Cir.1984).
 
 
 9
 Chavez has failed to establish a prima facie case of duress. He testified that: 1) Villa said it was a "pity" that Chavez had such a lovely family; 2) Villa generally "accosted" and "bothered" him; and 3) somebody, presumably Villa, shot at one of his cars and vandalized several others. There was no threat of immediate retaliation. Chavez alleged vague and insubstantial claims of duress. The district court properly denied his jury instruction. See Jennell, 749 F.2d at 1305.
 
 
 10
 Chavez' reliance upon Martin v. Ohio, 480 U.S. 228 (1987), is misplaced. Martin only requires that evidence tending to create reasonable doubt as to elements of a crime be admitted. Cf. United States v. Dominguez-Mestas, 929 F.2d 1379, 1384 (9th Cir.1991) (in a conviction for knowingly importing illegal merchandise, it was proper to place the burden of proving duress by a preponderance of evidence on defendant when duress did not involve any elements of the offense).
 
 
 11
 Perez contends that the indictment was defective because methamphetamine is improperly listed as a schedule II non-narcotic controlled substance. We have recently considered and dismissed this argument. United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991); United States v. Caperell, 938 F.2d 975, 978 (9th Cir.1991). Perez was properly indicted.
 
 
 12
 Both Chavez and Perez contend that the trial court erroneously added two levels to their base offense level because: 1) they were unaware of the nine millimeter gun found in the utility room and; 2) it was not reasonably foreseeable that a gun would be present during the transaction. We review for clear error. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 13
 The Sentencing Guidelines provide that a trial court must increase the base offense level by two if "a firearm or other dangerous weapon was possessed during commission of the [drug] offense." U.S.S.G. § 2D1.1(b)(1). In a criminal conspiracy case, a defendant may be sentenced based on the "conduct of others in furtherance of the execution of the jointly undertaken criminal activity that was reasonably foreseeable by the defendant." Garcia, 909 F.2d at 1349.
 
 
 14
 The nine-millimeter pistol was in plain view only five feet from the methamphetamine. The judge found its possession reasonably foreseeable because of the size of the transaction, as well as the protracted nature of the negotiations. See id. at 1350. We find no error.
 
 
 15
 Chavez and Moreno-Felix also complain that the district court erroneously denied their request for a two level reduction for acceptance of responsibility. The Guidelines permit a reduction when a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct ..." § 3E1.1(a). We will not disturb the sentencing judge's determination unless it is clearly erroneous and without foundation. United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990).
 
 
 16
 "Whether a particular defendant is entitled to the reduction under § 3E1.1 is a matter the sentencing judge must make in his discretion based upon the entire record." United States v. Molina, 934 F.2d 1440, 1451 (9th Cir.1991). The district court denied Chavez' two level reduction because it found that:
 
 
 17
 Mr. Chavez' attempts to improperly excuse and exculpate away his unlawful conduct evidences a lack of acceptance of his culpability.
 
 
 18
 I think ... he has admitted his factual participation, but I do not feel that he has truly accepted his--the wrongfulness, the culpability of his acts. And these matters influence the Court to find that the defendant Chavez had not accepted responsibility.
 
 
 19
 The district court did not err. See United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990).
 
 
 20
 The court found that Moreno-Felix admitted factual guilt, but failed to make "a complete acceptance of responsibility" and "his lack of frankness with [the Probation Office] and with the court precludes the reduction." Denial of the reduction was not clearly erroneous.
 
 
 21
 Moreno-Felix argues that his sentence was wrongly based upon one pound of methamphetamine. Section 2D1.1 provides that: "Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level". § 2D1.1, comment (n. 12). Moreno-Felix was convicted of a conspiracy to possess with the intent to distribute methamphetamine. It is undisputed that Moreno-Felix offered to sell a pound to Ambriz. We find no error. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc) (preponderance of evidence standard sufficient for facts used in sentencing).
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable Barbara A. Caulfield, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3