62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Taatu Kaku TOLUAO, Defendant-Appellant.
 No. 94-10387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taatu Kaku Toluao appeals his 151-month sentence following entry of a guilty plea to conspiring to possess with intent to distribute more than 100 grams of methamphetamine. Toluao's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states no meritorious issues for appeal exist. After reviewing the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), we agree. The district court did not clearly err by adjusting the sentence for possession of firearm even if Toluao's co-conspirator owned the gun because Toluao testified he knew the gun was present in the home he shared with Rodrigues, admitted to the Probation Officer that they purchased the gun for protection after they were robbed of drugs, and the gun was stored near the drugs. See United States v. Willis, 899 F.2d 873, 875 (9th Cir. 1990) (gun adjustment properly applied when defendant saw her co-conspirator carry gun to location where drugs were stored). Toluao was not entitled to the additional reduction for early acceptance of responsibility because he entered his guilty plea after the jury had been impanelled and the government had prepared for trial. See United States v. Kimple, 27 F.3d 1409, 1413 (9th Cir. 1994) ("we emphasize that a defendant who pleads guilty on the eve of trial is not entitled to the reduction" under U.S.S.G. Sec. 3E1.1(b)(2)). The district court did not clearly err by denying Toluao a minor participant adjustment after it found that he was an equal partner with Rodrigues. See United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir. 1994) (defendant must be substantially less culpable than the others to qualify for minor participant adjustment), cert. denied, 115 S. Ct. 1268 (1995).
 
 
 3
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3