62 F.3d 1426
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray MANN, Defendant-Appellant.
 No. 94-10464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Ray Mann appeals his sentence imposed following his conviction for bankruptcy fraud in violation of 18 U.S.C. Sec. 152. Mann contends that the district court erred by making an upward adjustment in offense level based on its finding that the amount of the intended loss exceeded $200,000. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review for clear error the district court's calculation of the amount of loss. United States v. Davis, 922 F.2d 1385, 1388 (9th Cir. 1991). The Sentencing Guidelines provide for an eight-level upward adjustment to the base offense level in fraud and deceit cases where the amount of loss to the victims exceeds $200,000. U.S.S.G. Sec. 2F1.1(b)(1)(I). "A product's fair market value ordinarily constitutes an appropriate measure of loss." United States v. Mullins, 992 F.2d 1472, 1479 (9th Cir.), cert. denied, 113 S. Ct. 2997, 114 S. Ct. 556 (1993). The district court should consider the probable or intended loss, rather than the actual loss suffered by the victim of the fraud if it is greater than the actual loss. U.S.S.G. Sec. 2F1.1, comment. (n.7); Mullins, 992 F.2d at 1479. The district court need not calculate a precise or exact figure but only "a reasonable estimate of the loss, given the available information." U.S.S.G. Sec. 2F1.1, comment. (n. 8); see also United States v. Davis, 922 F.2d 1385, 1392 (9th Cir. 1991).
 
 
 4
 Here, Mann was charged in a superseding indictment with conspiracy to commit bankruptcy fraud (Count One), bankruptcy fraud (Count Two), and two counts of structuring financial transactions to avoid a reporting requirement (Counts Five and Seven). 18 U.S.C. Secs. 371, 152; 31 U.S.C. Secs. 5322(a); 5324(a)(3).
 
 
 5
 Following a jury trial, Mann was convicted of fraudulently failing to declare his interest in real and personal property in his Chapter 7 bankruptcy petition and acquitted on the conspiracy and structuring counts. The district court determined that the amount of the intended loss caused by Mann's failure to declare his property exceeded $200,000 and thus increased Mann's offense level by eight. See U.S.S.G. Sec. 2F1.1(b)(1)(I).
 
 
 6
 Mann contends that the district court erred by including in its loss calculation the value of real property located in Shasta County ("Ross' Pond property") because the jury's acquittal on Count Five "strongly suggests" that it accepted Mann's explanation that at the time he filed his bankruptcy petition the property belonged to a trust. The jury's acquittal of Mann on Count Five, however, did not require a finding that Mann had no interest in the Ross' Pond property. Moreover, even if the jury believed that the Ross' Pond property belonged to the trust, the district court correctly concluded that, to the extent that the trust existed at the time Mann filed for bankruptcy, he was required to disclose his interest in the trust. See United States v. Weinstein, 834 F.2d 1454, 1461 (9th Cir. 1987) (defendant's duty to disclose assets extends to all property that might possibly be found to be part of the bankruptcy estate). Accordingly, the district court did not clearly err by including the value of the Ross' Pond property in its loss calculation. See Davis, 922 F.2d at 1392.
 
 
 7
 Mann next contends that the district court erred by basing its valuation of the loss on unreliable information.[1] This contention lacks merit.
 
 
 8
 First, with regard to the real property at issue, the district court properly relied on the amount a buyer agreed to pay for a fractional interest in the Ross' Pond property. Second, with regard to the personal property at issue, the district court properly relied on the values stated in Mann's prenuptial agreement which were corroborated by the lease agreement between Mann and Kaloko Land Corporation and the testimony of John Launder. Accordingly, the district court did not clearly err by calculating the loss based on the available information. See Mullins, 992 F.2d at 1479; Davis, 922 F.2d at 1392.
 
 
 9
 Finally, Mann contends that the district court erred by not adjusting the amount of the loss by the exemptions he would have been entitled to in his bankruptcy petition. Because Mann did not make this argument before the district court, the argument is not preserved for appellate review. See United States v. Shrewberry, 980 F.2d 1296, 1298 (9th Cir. 1992) (per curiam), cert. denied, 114 S. Ct. 120 (1993).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Mann does not contest the valuation of the Kabota tractor, the aluminum boat, or the dump truck