62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William E. HUTCHINGS, aka Wilhelm Von Ludwitz, aka Kenneth
Edwards, Defendant-Appellant.
 No. 95-35104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William E. Hutchings, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. In 1975, Hutchings was convicted of kidnapping in violation of 18 U.S.C. Sec. 1201 and sentenced to life imprisonment. He contends the district court erred by denying his motion as successive. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review for abuse of discretion, see Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir. 1990), and affirm.
 
 
 3
 This is Hutchings's sixth section 2255 motion. Hutchings contends that his conviction is invalid because the child he was convicted of kidnapping is his daughter; and by permitting false evidence and suborning perjury, the courts and the prosecution have conspired to withhold evidence of his paternity. The district court dismissed essentially these same contentions as successive in Hutchings's fifth section 2255 motion. See Hutchings v. United States, No. 89-1409 (D. Or. Aug. 23, 1990), aff'd, No. 90-35709 (9th Cir. Aug. 2, 1991); see also United States v. Hutchings, No. 75-3010 (9th Cir. Mar. 29, 1976) (affirming Hutchings's kidnapping conviction on the grounds that Hutchings was a trafficker in children, not the child's father).
 
 
 4
 The district court did not abuse its discretion when it denied the motion as successive. See Sanders v. United States, 373 U.S. 1, 15 (1963) (claim is successive if same ground was previously rejected on merits and ends of justice would not be served by reconsideration of claim); see also Campbell v. Blodgett, 997 F.2d 512, 518 (9th Cir. 1992) (applicant cannot create a different ground merely by alleging different facts, asserting different legal theories or couching his argument in different language), cert. denied, 114 S. Ct. 1337 (1994).
 
 
 5
 Even were any of his allegations so different from those previously raised as to constitute a new claim, Hutchings has not demonstrated cause for his failure to raise such a claim in a prior motion nor made any colorable showing of factual innocence. Consequently, any such claim would constitute an abuse of the writ. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255; McCleskey v. Zant, 499 U.S. 467, 494 (1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3