62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel De los RIOS-SALCEDO, Defendant-Appellant.
 No. 94-17183.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel De los Rios-Salcedo appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. De los Rios-Salcedo was convicted of conspiracy and possession with intent to distribute marijuana in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c). De los Rios-Salcedo contends that he received ineffective assistance of counsel because his attorney did not challenge the legality of the entry into his home or the use of drug ledgers as substantive evidence. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo, United States v. Frazer, 18 F.3d 778, 781 (9th Cir. 1994), and affirm.
 
 
 3
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 692. The focus of the prejudice analysis is on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993).
 
 
 4
 * Illegal Entry
 
 
 5
 De los Rios-Salcedo contends that counsel was ineffective for failing to file a suppression motion to challenge an alleged violation of the federal "knock and announce" statute, 18 U.S.C. Sec. 3109. This contention lacks merit.
 
 
 6
 The "knock and announce" statute allows an officer to enter a house to execute a warrant without the permission of the occupants if he gives notice of his authority and purpose and is refused admission. 18 U.S.C. Sec. 3109 (1987); United States v. McConney, 728 F.2d 1195, 1206 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). "When the police have properly knocked and announced their identity and purpose, mild exigency is sufficient to justify simultaneous entry when entry can be accomplished without physical destruction of property." McConney, 728 F.2d at 1206. "Exigency has been defined as those circumstances that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." United States v. Arias, 923 F.2d 1387, 1391 (9th Cir.) (quoting United States v. Alfonso, 759 F.2d 728, 742 (9th Cir. 1985)), cert. denied, 502 U.S. 840 (1991).
 
 
 7
 Here, we need not consider counsel's performance because De los Rios-Salcedo failed to show prejudice. See Strickland, 466 U.S. at 689. The record indicates that at least mild exigent circumstances existed for the officers' simultaneous, knock and announce entry. See id. The officers had information that occupants of the house were "hit men" from Mexico and that they were heavily armed with high caliber rifles and AK-47s. The officers also knew that De los Rios-Salcedo was a fugitive on drug trafficking charges. These facts establish that the officers had a reasonable fear for their safety. See id. De los Rios-Salcedo cannot therefore show he was prejudiced by counsel's failure to file a motion to suppress. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991) (prejudice not established for ineffective assistance claim based on failure to file a motion to suppress where evidence would be admissible).
 
 II
 Drug Ledgers
 
 8
 De los Rios-Salcedo next contends that he received ineffective assistance of counsel because his attorney did not challenge the use of drug ledgers as substantive evidence. This contention lacks merit.
 
 
 9
 Although the government's use of the ledgers may have been improper, as we held on direct appeal, counsel's failure to object did not render the proceeding fundamentally unfair because the ledgers could have been properly admitted under the hearsay exception for establishing the character and use of the house. See United States v. De los Rios-Salcedo, No. 93-10257 (9th Cir. Apr. 1, 1994); Fretwell, 113 S. Ct. at 844. Thus, the district court did not err by concluding that De los Rios-Salcedo failed to show that counsel's performance prejudiced the defense. See Strickland, 466 U.S. at 687.
 
 
 10
 We discern no error in the district court's denial of the motion without conducting an evidentiary hearing regarding the use of the drug ledgers. See United States v. Watts, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3