62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Herbert HALE, dba One Stop Wholesale, Defendant-Appellant.
 No. 94-10569.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Herbert Hale appeals the order of restitution imposed following his plea of guilty to wire fraud in violation of 18 U.S.C. Sec. 1343. Hale claims the district court erred by ordering restitution in an amount higher than the losses resulting from the single crime to which he pleaded guilty. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the legality of a restitution order. United States v. McHenry, 974 F.2d 1031, 1033 (9th Cir. 1991). We review for clear error a district court's construction of a plea agreement. United States v. Read, 778 F.2d 1437, 1441 (9th Cir. 1985), cert. denied, 479 U.S. 835 (1986).
 
 
 4
 "[W]here a defendant pleads guilty and the plea agreement is silent on the amount of losses, the sentencing court is limited to imposing restitution in an amount no greater than that alleged in the counts to which the defendant pl[ead]ed guilty." United States v. Parrott, 992 F.2d 914, 917 (9th Cir. 1993). "[A] court, [however], may also order restitution ... to the extent agreed to by the parties in a plea agreement." United States v. Soderling, 970 F.2d 529, 533 (9th Cir. 1992) (per curiam), cert. denied, 113 S. Ct. 2446 (1993).
 
 
 5
 Here, Hale pleaded guilty to a crime that exposed him to a prison sentence, and agreed "to make restitution in an amount that the court shall order." In return, the government promised to recommend a three-year sentence of probation to be terminated upon full payment of restitution. The government further agreed not to file additional charges against Hale or his family.
 
 
 6
 At his sentencing hearing, Hale argued that the court could not impose restitution to compensate his victim for losses resulting from crimes to which he did not plead guilty. The government opposed this argument. After the district court announced the sentence and restitution order, Hale declined the district court's offer of the chance to withdraw his plea.
 
 
 7
 Hale argues on appeal that Parrott limited the district court's discretion to order restitution to the amount of loss caused by the crime of conviction. This argument hinges on whether "the plea agreement is silent on the amount of losses." See Parrott, 992 F.2d at 917. We conclude that it is not, and that Hale could not reasonably have understood it to limit his liability in the way he claims it does. See United States v. Travis, 735 F.2d 1129, 1132 (9th Cir. 1984) (to determine whether agreement has been broken, courts look to what defendant reasonably understood when he entered his plea).
 
 
 8
 Hale received abundant benefits under his agreement with the government. In consideration, he pleaded guilty and promised to pay restitution in an amount to be fixed by the court. That Hale declined to withdraw his plea when offered the chance shows that he fully understood the burdens of his bargain. See Travis, 735 F.2d at 1132. We conclude, therefore, that the restitution order is proper. See Soderling, 970 F.2d at 533.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3