62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isidoro LINARES-GARCIA, Defendant-Appellant.
 No. 94-30286.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1995.
Decided Aug. 8, 1995.
 
 1
 Before: GOODWIN and HUG, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Isidoro Linares-Garcia appeals the imposition of a mandatory minimum sentence of 10 years for violations of 21 U.S.C. Sec. 841(a)(1) (possession of methamphetamine with intent to distribute) and 21 U.S.C. Secs. 841(a)(1) and 846 (conspiracy to possess with intent to distribute).
 
 
 4
 Linares-Garcia first argues that the Government violated his due process rights by providing insufficient notice that it sought a sentence enhancement. We review the legality of a sentence de novo. United States v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir.), cert. denied, 115 S. Ct. 451 (1994).
 
 
 5
 There is no formal notice requirement for sentence enhancement based on drug quantity. United States v. Arias-Villanueva, 998 F.2d 1491, 1510 (9th Cir.), cert. denied, 114 S. Ct. 359 (1993). However, Linaras-Garcia received abundant notice of the potential mandatory minimum sentence from the criminal complaint, the Government's statements at the detention hearing and the arraignment. The plea agreement also made reference to the possible 10-year mandatory minimum sentence.
 
 
 6
 To satisfy due process, both 21 U.S.C. Sec. 841(b) and U.S.S.G. Sec. 6A1.3(a) (the relevant sentencing guidelines) require an adequate opportunity to present information to the court regarding a disputed sentencing factor. Arias-Villanueva, 998 F.2d at 1510. Linares-Garcia had adequate opportunity to dispute the Government's assertion of a drug quantity supporting a 10-year mandatory minimum sentence. However, Linares-Garcia neither objected to such assertions nor presented evidence to dispute such assertions. Rather, Linares-Garcia agreed to the use of 100 grams of actual methamphetamine as a basis for computing the sentence, with the reservation that the lab report that was to be furnished verified that the quantity was at least 100 grams.
 
 
 7
 The Government's position at sentencing was that the defendant was in possession of 400 to 700 grams of methamphetamine but that if the lab report indicated less than the 100 grams required for the 10-year mandatory minimum sentence, the Government would move for reconsideration of the sentence. The defendant's attorney agreed with the reservation that he had a right to reopen the sentencing issue should the lab report come back with an amount less than 100 grams. The lab report later revealed a content of 420 grams, which was adequate justification for the sentence.
 
 
 8
 Finally, Linares-Garcia alleges that he received ineffective assistance of counsel. Whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir. 1991). A defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were outside the wide range of professionally competent assistance, and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-696 (1984).
 
 
 9
 Linares-Garcia's counsel provided competent assistance in this case. Counsel's actions were reasonable because the stipulation provided that, should the lab report show less than 100 grams, the 10-year mandatory minimum sentence could be reduced. Linares-Garcia was not prejudiced by the stipulation because the lab report showed an actual amount well above the agreed upon 100 grams.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3