62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franco Guido GARITA-ROJAS, Defendant-Appellant.
 No. 94-50437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franco Guido Garita-Rojas appeals pro se the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the denial of his 28 U.S.C. Sec. 2255 motion. Garita-Rojas was convicted of conspiracy to transport and harbor illegal aliens and other related crimes and was sentenced to thirty-seven months of imprisonment, three years of supervised release, and a $25,000 fine. Garita-Rojas contends that the district court erred by denying his motion to reconsider the propriety of the fine first raised in his Sec. 2255 motion. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. See Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir. 1991).[1] "An appeal from the denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Id. Under Rule 60(b), the district court may relieve a party from judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2); see also Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990) (per curiam) (alleged "newly discovered evidence" must exist at time of trial).
 
 
 4
 In his Sec. 2255 motion, Garita-Rojas argued that the district court imposed a fine without considering his ability to pay or the burden on his family. The district court rejected Garita-Rojas's argument for lack of jurisdiction to consider a nonconstitutional sentencing issue in a Sec. 2255 proceeding.[2] In his Rule 60(b) motion, Garita-Rojas argued that the alleged change of his financial circumstances since his sentencing and the district court's denial of his Sec. 2255 motion warranted a remission of the fine. However, since the alleged evidence did not exist at the time of sentencing, it cannot be considered as "newly discovered evidence." See Jones, 921 F.2d at 878. Thus, the district court did not abuse its discretion by denying Garita-Rojas's Rule 60(b) motion. See Floyd, 929 F.2d at 1400.[3]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Garita-Rojas's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Garita-Rojas's notice of appeal was timely only from the denial of the Rule 60(b) motion. Thus, the issue for review is whether the district court abused its discretion by denying Garita-Rojas's Rule 60(b) motion. See Floyd, 929 F.2d at 1400; see also Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir. 1987) (filing timely notice of appeal is jurisdictional)
 
 
 [2]
 Alternatively, the district court found that Garita-Rojas's argument lacked merit
 
 
 [3]
 As the government commented, the district court may modify or remit the fine "[u]pon petition of the Government." See 18 U.S.C. Sec. 3573