62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin LANE, Defendant-Appellant.
 No. 94-30364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Lane appeals the conviction that followed his conditional plea of guilty to possessing methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). Lane argues, first, that a postal inspector did not have reasonable suspicion to seize a package addressed to him; second, that once they had established probable cause to search the package, authorities delayed too long before obtaining a warrant; and third, that a mailing receipt police found in Lane's car relating to a second package did not provide probable cause for a warrant to search that package. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In November 1993, postal inspectors initiated a watch on Lane's mail because he commonly addressed priority parcels by hand, sent them to individuals, using variations on the same names, rather than to businesses, and received priority mailings at his Idaho addresses from a region in California known to be a hub for the distribution of controlled substances. On Friday, January 21, 1994, Postal Inspector Kevin Mullins pulled from the mail a first-class package addressed to Lane because it leaked a substance that looked and smelled like seasoning salt and showed a fictitious return address in California. That afternoon, a trained narcotics dog in western Idaho alerted to the package. Mullins traveled later that day to Spokane, Washington where a second trained dog alerted to the package. Over the weekend, Mullins drafted an affidavit asserting probable cause to search the package. He reviewed the affidavit with an Assistant United States Attorney on Monday, January 24, and obtained a warrant on the same day. After a search revealed the package to contain 136 grams of methamphetamine, the package was resealed and returned to the mail stream on Tuesday, January 25.
 
 
 4
 Lane was arrested shortly after he picked up the package. Upon the search incident to his arrest, police discovered a mailing receipt showing that Lane had sent a package to the California town from which the methamphetamine had been sent. That package was seized from the mail stream and, after a search warrant issued, was found to contain $1,000 in cash.
 
 
 5
 Lane contends that postal authorities did not have enough information to justify taking his package from the mail. We disagree. Seizure is warranted when "specific articulable facts, together with rational inferences from those facts [give rise to] suspicion that the package contains illegal material." United States v. Most, 789 F.2d 1411, 1415 (9th Cir. 1986); see also United States v. Aldaz, 921 F.2d 227, 229 (9th Cir. 1990), cert. denied, 501 U.S. 1207 (1991).
 
 
 6
 Here, Lane's mail was already subject to some scrutiny because of the Postal Inspectors' advisory when thee methamphetamine package came through leaking seasoning salt, a substance commonly used to mask the smell of drugs. These facts together were sufficient to warrant seizure of the package. See Most, 789 F.2d at 1415.
 
 
 7
 Next, Lane contends that the postal inspector waited unconstitutionally long to seek a warrant after the dog sniff established probable cause to search the package. This contention fails. In assessing the constitutionality of the length of detention of legally seized mail, we ask, "based upon the facts, was the delay in handling the packages unreasonable?" Aldaz, 921 F.2d at 230.
 
 
 8
 Here, Lane's package was seized on a Friday and held from the mail until the following Tuesday. Because the length of the detention flowed directly from the care the postal inspector took to establish and document probable cause to search, we cannot say the delay was unreasonable. See Aldaz, 921 F.2d at 228-29 (delay of six days between seizure and search reasonable in light of conditions in remote Alaska); cf. United States v. Dass, 849 F.2d 414, 415 (9th Cir. 1988) (delay of seven to 23 days due to understaffing held unreasonable).
 
 
 9
 Finally, Lane argues that insufficient cause supported the warrant to search the package he sent to California. We uphold the issuance of a search warrant "so long as the court had a substantial basis for concluding that the totality of the circumstances established probable cause." United States v. Williams, 989 F.2d 1061, 1066 (9th Cir. 1993) (internal quotation omitted). Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. DeLeon, 979 F.2d 761, 764 (9th Cir. 1992).
 
 
 10
 Here, in the search incident to Lane's arrest for possession of methamphetamine, authorities found a receipt showing that he had just mailed a package to the place from which the methamphetamine had come. It was reasonable to believe that Lane's return package would contain payment or further evidence of his illicit trafficking in contraband. Therefore, issuance of the warrant was proper. See Williams 989 F.2d at 1066.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3