62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Wade HALL, Defendant-Appellant.
 No. 94-50193.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1995.*
Decided Aug. 9, 1995.
 
 Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Wade Hall appeals his conviction, following a jury trial, for armed bank robbery, in violation of 18 U.S.C. Secs. 2113 (a), (d), and for carrying a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c). He claims that the district court erred by denying his motion to suppress incriminating statements he made during questioning at a police station before he was provided with Miranda warnings. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 FACTS
 
 3
 Hall reported to the Georgia police that he had been hitchhiking and had been picked up by two men who had stolen his belongings. The two men were arrested, and the police took Hall to the courthouse where the men were being held. There, Hall met with Georgia Bureau of Investigation Agent Scott Whitley, who was investigating several murders and the possible involvement of the two arrested men in those murders. Hall identified the men, and Whitley then searched their vehicle and recovered Hall's belongings. Hall agreed to provide Whitley a statement for purposes of the murder investigation.
 
 
 4
 Whitley and another officer sat with Hall in an office with the door open. Whitley informed Hall at the outset of the interview that he only sought information for the homicide investigation. He told Hall that he was not a suspect and asked Hall for his name for purposes of the report. Hall gave a false name and false birth date indicating that he was thirty years old. Whitley thought Hall looked older, and asked for identification. Hall provided a driver's license, but Whitley thought the photo did not match Hall's appearance. When Whitley asked for a physical description, Hall gave height, weight and eye color different from that on the license. Whitley told Hall he could be arrested for providing false information to a police officer. He again told Hall he only wanted accurate information for the homicide investigative report, and that he did not have time to waste because of the importance of the murder investigation. Hall stood up, closed the office door, and then told Whitley his real name and that he was wanted for fourteen bank robberies. Soon thereafter, the police read Hall Miranda warnings and arrested him for the bank robberies. Hall then gave Whitley a statement regarding the two arrested men for purposes of the unrelated homicide investigation.
 
 ANALYSIS
 
 5
 If a defendant is subjected to custodial interrogation without notice of his Fifth Amendment rights, his statements may not be admitted into evidence. Miranda v. Arizona, 384 U.S. 436, 479 (1966). Interrogation is "any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980). The definition "focuses primarily upon the perceptions of the suspect, rather than the intent of the police." Id. The test is objective, United States v. Moreno-Flores, 33 F.3d 1164, 1169 (9th Cir. 1994), but the intent of the police is relevant to whether they "should have known" that their actions would evoke an incriminating response. Innis, 446 U.S. at 301-02 n.7.
 
 
 6
 Generally, a Miranda warning need not be given prior to routine questions to gather biographical data. Pennsylvania v. Muniz, 496 U.S. 582, 601-02 (1990); United States v. Henley, 984 F.2d 1040, 1042 (9th Cir. 1993). However, when an officer has reason to know that a subject's answer may incriminate him, even routine questioning may amount to interrogation requiring a Miranda warning. Henley, 984 F.2d at 1042. "The relationship of the question asked to the crime suspected is highly relevant" to this determination. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1046 (9th Cir. 1990) (quotations omitted). The relationship between the questions asked and the crime ultimately charged is also relevant. United States v. Gonzalez-Mares, 752 F.2d 1485, 1489 (9th Cir.), cert. denied, 473 U.S. 913 (1985).
 
 
 7
 The district court concluded that Hall was not subjected to interrogation. The standard under which we review that decision is unsettled. Compare Moreno-Flores, 33 F.3 at 1168 (employing de novo review) with Gonzalez-Sandoval, 894 F.2d at 1046 (employing clearly erroneous review). See Henley, 984 F.2d at 1042 (acknowledging the conflict). Using either standard, we conclude that the district court did not err.
 
 
 8
 Hall contends that Whitley's questioning was interrogation because Whitely should have known that Hall's answers to questions about his correct identification, after he had already provided false identification, was likely to incriminate him for the offense of providing false information to a police officer.
 
 
 9
 We reject this contention. Neither a reasonable officer should have known, nor a reasonable suspect in Hall's position would have concluded, that answers to Whitley's questions would incriminate him. See Innis, 446 U.S. at 301. From the officer's perspective, Whitley simply sought accurate biographical information for a police report. See Muniz, 496 U.S. at 601-02. There was no relationship between the crime suspected or charged and the questions asked. See Gonzalez-Mares, 752 F.2d at 1489. In fact, Whitley was investigating an unrelated murder for which Hall was not a suspect, and Hall was never charged with the crime of providing false information to a police officer. Furthermore, Whitley was completely surprised by Hall's revelation that he was wanted for several bank robberies, confirming the conclusion that Whitley was not interrogating Hall. From the suspect's perspective, a person in Hall's position would not conclude he was subject to interrogation. See Innis, 446 U.S. at 301. The officer informed Hall numerous times that he was not a suspect, and that he only sought accurate biographical information.
 
 
 10
 Therefore, the district court properly concluded that Hall was not subject to interrogation and properly denied the motion to suppress Hall's incriminating statement.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3