**UNITED STATES of America, Appellee,**

v.

**Gale Rene HOBSON, Appellant.**

**No. 82–1331.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 12, 1982.

Decided Aug. 18, 1982.

---

Thomas G. Schrup, Asst. U. S. Atty., N. D. Iowa, Cedar Rapids, Iowa, for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Gale Rene Hobson appeals from the District Court's [1] denial of his motion to vacate sentence under 28 U.S.C. § 2255. Hobson seeks to vacate a 12-year sentence imposed by the District Court on December 19, 1977, following Hobson's plea of guilty to two counts of bank robbery and conspiracy to rob the Austinville Office of the State Savings Bank in Aplington, Iowa.

On appeal Hobson raises five issues: (1) that his indictment should be dismissed because of violations of the antishuttling provisions contained in Articles III(d) and IV(e) of the Interstate Agreement on Detainers Act (IADA); [2] (2) that the District Court violated Fed.R.Crim.P. 11(c) by at

times addressing the defendants collectively at the change of plea and sentencing hearing and that as a result Hobson did not make a knowing and intelligent waiver of his rights to confront his accusers and against self-incrimination; (3) that the District Court should not have accepted his plea because he did not admit participation in all the overt acts in furtherance of the conspiracy; (4) that he was denied effective assistance of counsel because his attorney permitted him to plead guilty to conspiracy without investigating whether he committed all the overt acts alleged in the indictment; and (5) that he was prejudiced by the inclusion of untrue overt acts in his presentence report. We affirm the District Court's dismissal of each of these grounds for § 2255 relief.

First Hobson argues that under the IADA, the federal proceedings against him should have been commenced and completed when the federal authorities first acquired custody of him from the state prison where he was incarcerated. Hobson claims that he was transferred from state to federal authority three times before the federal proceedings were finally concluded. The District Court correctly decided that Hobson is barred from raising this claim because his guilty plea constituted a waiver of his right to challenge his indictment under the IADA. See *United States v. Hach*, 615 F.2d 1203, 1204 (8th Cir.), *cert. denied*, 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980); *Camp v. United States*, 587 F.2d 397, 399–400 (8th Cir. 1978).[3]

Second, Hobson complains that he was not "personally addressed" by the District Court at his change-of-plea hearing as required by Fed.R.Crim.P. 11(c). See *McCarthy v. United States*, 394 U.S. 459, 464–67, 89 S.Ct. 1166, 1169–71, 22 L.Ed.2d 418 (1969).[4] The transcript of the plea pro-

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the District of Iowa.

2. Pub.L.No.91–538, §§ 1—8, reprinted in 18 U.S.C.App. at 1395—98 (1976).

3. The District Court also noted that the record indicates that Hobson explicitly waived his rights under the IADA at his arraignment.

4. The instant case differs from *McCarthy* because here the District Court personally gave all the required Rule 11 warnings and explanations during the plea proceedings. By contrast,

ceedings does not support this claim. The court did not repeat for each defendant questions which applied to all the defendants, but it did explicitly require each defendant to respond individually. See Transcript of the change of plea and sentencing hearing (hereinafter Tr.) 6. In this manner the court "personally addressed" each defendant. Other courts which have considered the issue have held that collective questioning of multiple defendants satisfies Rule 11, although it is not the preferred method. See *United States v. Fels*, 599 F.2d 142, 145–46 (7th Cir. 1979); *United States v. Laura*, 500 F.Supp. 1347, 1353–54 (E.D.Pa.1980), *aff'd*, 667 F.2d 365 (3d Cir. 1981).

■ With respect to the particular rights Hobson claims he did not waive, the transcript verifies that the District Court informed the defendants that pleading guilty would entail waiving several constitutional rights, including the right to cross-examine witnesses and to remain silent. Tr. 9. Even if the District Court's procedure were in technical noncompliance with Rule 11, Hobson fails to identify what, if any prejudice he suffered thereby.

■ Third, Hobson argues that the District Court should not have allowed him to plead guilty to the conspiracy count of the indictment because he refused to admit participation in certain of the overt acts listed in that count, particularly those concerning the use of a gun during the robbery. Hobson apparently misunderstands the law of conspiracy. In order to be found guilty, he need not admit involvement in every alleged overt act. The government must show only that one of the conspirators engaged in one overt act in furtherance of the conspiracy. See *United States v. McCarty*, 611 F.2d 220, 223 (8th Cir. 1979), *cert. denied*, 445 U.S. 930, 100 S.Ct. 1319, 63 L.Ed.2d 764 (1980). The fact that Hobson admitted committing some overt acts, although he denied others, Tr. 36–38, is sufficient to provide the requisite factual basis for his guilty plea.

in *McCarthy* the trial court relied on defense counsel's representation that he had previously

■ Fourth, Hobson argues that he did not receive effective assistance of counsel because his attorney failed to ascertain whether Hobson in fact committed all the alleged overt acts before allowing him to plead guilty to the conspiracy charge. As we explained above, proof of conspiracy does not require each conspirator to have participated in each alleged overt act. Hobson thus has not shown that his attorney's assistance was ineffective.

Finally, Hobson contends that he was prejudiced by the presence of false information in his presentence report. Specifically, he claims that the report refers to his use of a gun during the robbery, in spite of the fact that he has consistently denied any involvement with guns. The District Court dismissed this claim as successive under Rule 9(b) of the rules governing 28 U.S.C. § 2255 petitions, because Hobson had raised it in a prior petition, which the District Court denied on July 13, 1981. In this earlier ruling on the merits, the court held that the presentence report was not clearly in error, but that even if it were, Hobson's sentence would have been no different. The District Court pointed out that at the time of his sentencing, Hobson orally maintained his innocence of carrying a gun, and thus the Court was aware of his position.

We find no error in the District Court's dismissal of any of Hobson's claims. Accordingly, we affirm its judgment in all respects.

informed the defendant of the consequences of his plea.