**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4770

JAMES EARL LINDSEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-96-858)

Submitted: September 22, 1998

Decided: October 19, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Benjamin Patterson, PATTERSON LAW FIRM, P.A.,
Greenville, South Carolina, for Appellant. J. Rene Josey, United
States Attorney, Harold Gowdy, III, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Earl Lindsey (Lindsey) appeals his conviction and 262-
month sentence received after pleading guilty to one count of posses-
sion with intent to distribute cocaine and cocaine base (crack) in vio-
lation of 21 U.S.C. § 841(a)(1) (1994). Finding no reversible error, we
affirm.

While investigating another matter, Detective Riggs (Riggs) and
Detective Evatt (Evatt) saw Lindsey operating a 1989 Honda. The
two followed Lindsey to ascertain his home address because they had
been informed that Lindsey distributed cocaine in the area. Lindsey
eventually stopped his vehicle in front of an abandoned apartment and
exited his vehicle. The detectives pulled up in front of Lindsey's vehi-
cle, approached Lindsey, and asked if they could see some identifica-
tion. The detectives saw a plastic bag protruding from Lindsey's pants
which created a noticeable bulge in his pants. Riggs asked Lindsey
what was in the bag and then reached over and pulled out a bag con-
taining four bags of cocaine. After Lindsey was placed under arrest,
he admitted that he had more drugs hidden in his pants and pulled out
a bag containing crack cocaine.

Lindsey filed a motion to suppress the introduction of the con-
trolled substances and his statements. This motion was subsequently
denied. Thereafter, the court conducted an extensive Fed. R. Crim. P.
11 colloquy at which Lindsey was represented by counsel. Lindsey
then entered an unconditional guilty plea to one count of possession
with intent to distribute cocaine and crack cocaine.

Eight weeks later Lindsey filed a motion to withdraw his guilty
plea. Lindsey later withdrew this motion. Approximately four months
later, Lindsey filed a second motion to withdraw his guilty plea. Lind-
sey argued that his plea was not knowing and voluntary because he

2

was in a state of shock and did not fully understand the consequences of his plea. After conducting a motion hearing the district court denied the motion. The court took note of the fact that Lindsey answered the questions at the plea hearing intelligently and honestly without displaying any signs of a medical problem and that Lindsey had previously come before the court on a motion to withdraw his guilty plea and asked the court to ignore the motion and move forward with sentencing. The court held that Lindsey failed to show that his plea was in any way involuntary. Lindsey subsequently received a 262-month sentence and filed a timely appeal.

Lindsey contends that the district court improperly denied his motion to suppress. We decline to review the merits of the district court's denial of Lindsey's motion to suppress the introduction of the controlled substances and statements made by Lindsey. By pleading guilty without reserving his right to appeal under Fed. R. Crim. P. 11(a)(2), Lindsey is foreclosed from appealing antecedent non-jurisdictional errors, including the denial of a motion to suppress evidence. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Ford, 363 F.2d 375, 377 (4th Cir. 1966).

Lindsey also contends that the district court erred in denying his motion to withdraw his guilty plea. We disagree. Withdrawal of a guilty plea is not a matter of right. See United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). The decision whether to grant a motion for withdrawal is committed to the district court's discretion. See United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (citing United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir. 1992) (in banc)). The factors to be considered include: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. Puckett, 61 F.3d at 1099 (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). The defendant has the burden of establishing a fair and just reason for the withdrawal, even if the government has not shown it

3

would be prejudiced by the withdrawal. See Fed. R. Crim. P. 32(e); see also Lambey, 974 F.2d at 1393.

Lindsey's basis for withdrawal of his plea was that his plea was not entered into knowingly, voluntarily, or intelligently. This contention is belied by the record. The transcript from the colloquy between Lindsey and the district court during the Rule 11 hearing amply supports the court's conclusion that Lindsey's guilty plea was knowingly and voluntarily given. Lindsey responded to specific questions and stated that he understood the charges, the plea agreement, the rights he was waiving, and the maximum possible sentence he could receive. The fact that Lindsey pled guilty along with several others in a "group" plea does not result in a violation of Rule 11. See United States v. Martinez-Martinez, 69 F.3d 1215, 1223 (1st Cir. 1995) (holding that failure to address a defendant individually is not per se reversible error); United States v. Hobson, 686 F.2d 628, 629 (8th Cir. 1982) (questioning defendants as a group permissible where the responses were individual); United States v. Fels, 599 F.2d 142, 146 (7th Cir. 1979) (finding no reversible error in group questioning). Lindsey responded intelligently and clearly to the court's questioning and turned down the court's offer of individual questioning.

Furthermore, Lindsey has never asserted, credibly or not, his innocence, and there was an eight-week interval between the guilty plea and Lindsey's first motion to withdraw his guilty plea and another interval of four months between the first motion to withdraw and Lindsey's second motion to withdraw his guilty plea. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (finding that eight-week delay supports district court's denial of withdrawal motion). Finally, Lindsey indicated under oath in the Rule 11 proceeding that he was satisfied with his lawyer's representation and that his lawyer had done everything he had requested. Consequently, we find that the district court did not abuse its discretion in denying Lindsey's motion to withdraw the plea.

Finally, Lindsey asserts that he received ineffective assistance of counsel because counsel failed to advise him of his right to seek a conditional plea under Rule 11(a)(2) and that counsel allowed him to plead guilty to a defective indictment that was not properly signed by a Government representative. "The rule in this circuit is that a claim

4

of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Based on our review of the record, there has been no such showing, and the claim is not properly before us.

Accordingly, we affirm Lindsey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5